## HUMPHREY v. SHAW, State Auditor.

No. 19270.   Opinion Filed March 26, 1929.

Melton & Melton, for plaintiff in error.

The Attorney General and V. P. Crowe, Asst. Atty. Gen., for defendant in error.

CULLISON, J.   This is an appeal from a judgment of the district court of Oklahoma county, Okla., in favor of the defendant in error, A. S. J. Shaw, State Auditor, plaintiff below, and against the plaintiff in error, M. E. Humphrey, a resident and taxpayer of the state of Oklahoma, defendant below.

This case was submitted on an agreed statement of facts, judgment rendered for plaintiff below, and defendant appeals.

For convenience the parties will be referred to as they appeared below.

Defendant, M. E. Humphrey, filed with plaintiff, State Auditor, his income tax reports for the calendar years 1924, 1925, and 1926, and paid his income tax as shown by said reports filed. Said reports show that defendant deducted from his net income $300 for each of his children, five in number, under the age of 18 years, and deducted an additional $500 for each of his children under 18 years of age, three in number, who were domiciled in his home and totally dependent on him for their support and education; that the State Auditor, as required by law, notified defendant, Humphrey, that under section 9941, Compiled Statutes of Oklahoma, the defendant was not entitled to a deduction of $300 on each child under 18 years of age and a further deduction of $500 on three of the same children whom he claimed were totally dependent on him, the defendant, for support and education; that under the law section 9941, he, the defendant, should revise his returns filed, taking deduction only of $300 for each child under the age of 18 years and not dependent on him solely for an education, and, $500 for each child domiciled with and wholly dependent upon the defendant and engaged solely in acquiring an education; that no other deductions are permissible under the law, and that the said defendant, M. E. Humphrey, is therefore liable for and indebted to the state of Oklahoma for an additional tax for the calendar years 1924, 1925, and 1926.

Upon the agreed statement of facts the trial court entered judgment for the plaintiff, A. S. J. Shaw, State Auditor, and against the defendant, M. E. Humphrey, for $53.97. From this judgment defendant, M. E. Humphrey, appeals to this court.

This controversy arose between plaintiff and defendant as to the meaning of the income tax law.

The defendant asserts as error:

"The district court of Oklahoma county erred in the construction and application of section 9941, Compiled Statutes of Oklahoma, 1921, being section 8 of an act of the Legislature of the state of Oklahoma, approved March 17, 1915."

Defendant in discussing his assignment of error set out all the income tax law and procedure thereunder for the collection of income taxes in Oklahoma, nearly all of which is unnecessary for the reason this contention involves an interpretation of part of one section only, viz.. subdivisions (c) and (d), section 9941:

Section 9941, subdivision (c):

"For each child under the age of 18 years, the sum of $300 additional."

Subdivision (d):

"For each child and every person for whose support the taxpayer is legally liable, and who is actually and solely supported by and totally dependent upon, and are actually and permanently domiciled with the taxpayer, an additional $500 while such dependent is engaged solely in acquiring an education. * * *"

The sole question presented by the record in this case is:

Did the trial court err in its construction of section 9941, Oklahoma Compiled Statutes of 1921, in holding that a taxpayer in paying his income tax is entitled to deduct under subdivision (c) thereof $300 for each child under the age of 18 years and not engaged solely in acquiring an education, and $500 under subdivision (d) for each child and every person for whose support the taxpayer is legally liable and who is actually and permanently domiciled with the taxpayer and engaged solely in acquiring an education, but that he is not entitled to a deduction on the same child under both subdivisions (c) and (d)?

Section 9934, C. O. S. 1921, provides that an income tax shall be levied by the state upon the net income of any person liable for income tax.

Sections 9939 and 9941 provide for deductions in establishing the net income which is the base or unit upon which the tax is to be computed.

The defendant taxpayer contends that a statute imposing a tax is to be construed strictly against the government and in favor of the taxpayer. Thorough examination of the authorities shows this to be the correct rule, and was so stated by this court in the case of McGannon, Adm'x, v. State ex rel. Trapp et al., 33 Okla. 145, 124 Pac. 1063. The court there said:

"In construing tax laws, where there is any ambiguity or doubt, it must be resolved in favor of the person upon whom it is sought to impose the burden."

The section of the statute here in question, 9941, supra. which was before the district court and is now before this court for construction, is not a statute which imposes a tax, but embraces deductions which are exemptions from taxation imposed by the enabling section of the statute, 9934, supra. This court in the case of State ex rel. Lank-

ford v. Collins, 70 Okla. 323, 174 Pac. 568, held:

"The rule that exemption statutes are not favored and are to be strictly construed does not apply in this state, but such statutes will be given a reasonable construction in favor of the purposes and objects of the exemption authorized."

It is, therefore, apparent that exemption statutes, as the one here in question, although not to be strictly construed, must be given a reasonable construction in favor of the purposes and objects of the exemption authorized.

In the case of Roberts v. Frank Carrithers & Bros. (Ky.) 202 S. W. 659, the syllabus reads as follows:

"Exemptions—Construction:

"The rule that exemption statutes must be liberally construed must not be indulged to extend privileges by construction not intended to be conferred by the Legislature."

It follows, then, that, even though exemption statutes are not to be strictly construed, the true test to be applied in such cases narrows down to this question:

What was the intention of the Legislature?

Having in mind all well-established rules of construction of statutes couched in ambiguous language, we will answer the above question.

Section 9941, subdivision (a), establishes the net income from which deductions provided for in subdivisions (c) and (d) may be taken.

It clearly appears that two classes of children are provided for in subdivisions (c) and (d). Example:

First classification:

"(c) For each child under the age of 18 years, the sum of $300 additional."

Second classification:

"(d) For each child and every person for whose support the taxpayer is legally liable, and who is actually and solely supported by and totally dependent upon, and are actually and permanently domiciled with the taxpayer, an additional $500 while such dependent is engaged solely in acquiring an education. * * *"

Applying this subdivision (c) to the facts in this case, it means simply this: For each child of the defendant taxpayer, M. E. Humphrey, under the age of 18 years, he, the defendant, should be allowed a deduction of $300. Applying subdivision (d) to the facts in this case, it means simply this:

For each child of the defendant, M. E. Humphrey, actually and permanently domiciled with him and engaged solely in acquiring an education, regardless of the age of the child, M. E. Humphrey should be allowed a deduction of $500. Construing these two subdivisions (c) and (d) with the thought in mind that subdivision (d) was obviously intended by the Legislature to cover and make provisions for some situation not taken care of by subdivision (c), it is apparent to us that the Legislature was aware of the fact that a child under 18 years of age might be classified under subdivision (c) or (d), depending on whether or not that child is solely engaged in securing an education, and, ample provision having been made in subdivision (c) for the child under 18 not engaged solely in acquiring an education, the only reasonable interpretation of subdivision (d), in its own plain words, and in its relation to subdivision (c) and the other subdivisions of this section, is that the intention of the Legislature was to take care of a situation not taken care of by subdivision (c), that is, when the child under or over 18 is engaged solely in acquiring an education.

It is clear, then, that, as in the instant case, a child under 18 engaged solely in acquiring an education, actually and permanently domiciled with the taxpayer, is classifiable under subdivision (d), and a $500 deduction is proper. It is also clear that this same child cannot be classified under subdivision (c), inasmuch as that subdivision was intended to take care of and make provision for an entirely different situation, that is, when a child under 18 is not engaged solely in acquiring an education.

The defendant taxpayer contends that the exemption of $500 allowed by subdivision (d) of section 9941, supra, is to be added to the $300 exemption granted by subdivision (c) of this section. This contention is based on the use of the word "additional" appearing in subdivision (d) of this section, reading: "* * * an additional $500 while such dependent is engaged solely in acquiring an education. * * *"

To our minds this is a fallacious contention based on a mere play of words. This language seems susceptible of but one construction.

Webster's New International Dictionary defines the word "additional" as meaning: "Added; supplemental; coming by way of addition." There may be no extension or addition if there be no exemption already

established, for the word "additional" presupposes and refers to a pre-existing exemption to which it may be added.

Having held that this defendant is not entitled to claim exemption in the instant case under subdivision (c), it follows that the exemption granted by subdivision (d) cannot be added, or additional, to the exemption allowed by subdivision (c), and that the exemption granted by subdivision (d) is in addition to and augments the basic exemption allowed to an individual under subdivision (a) of section 9941, supra.

For the reasons above given, it follows that the judgment of the trial court should be and is affirmed.

LESTER, V. C. J., and HUNT, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., and RILEY and CLARK, JJ., not participating.